UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. 3:18-CR-045 JD |
| | ) | |
| MICHAEL THOMAS | ) | |
| | ) | |

**<u>OPINION AND ORDER</u>**

The government has presented its case, and now the Defendant, Michael Thomas, has moved for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29. Specifically, Mr. Thomas argues that there is no evidence that he was involved in starting the April 2013 fires at 2691 Julia Drive, from which the alleged mailings in this case flowed. For the following reasons, the Court will deny the motion.

Federal Rule of Criminal Procedure 29(a) governs motions for judgment of acquittal made after the government closes its evidence, or after the close of all evidence, but before submission to the jury. When a defendant moves for judgment of acquittal pursuant to Rule 29, the question the court must ask is whether evidence exists from which any rational trier of fact could find the "essential elements" of the crime beyond a reasonable doubt. *United States v. Hach*, 162 F.3d 937, 942 (7th Cir. 1998). The movant "faces a nearly insurmountable hurdle [because courts] consider the evidence in the light most favorable to the Government," and will grant the motion "only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt." *United States v. Blassingame*, 197 F.3d 271, 284 (7th Cir. 1999). Thus, a Rule 29 motion is granted only if the record is devoid of evidence from which a jury could find guilt. *United States v. Pulido*, 69 F.3d 192, 205–06 (7th Cir. 1995).

1

Mr. Thomas is charged with four counts of mail fraud, in violation of 18 U.S.C. § 1341. For him to be convicted on those charges, the government must prove: "(1) the defendant's participation in a scheme to defraud; (2) the defendant's intent to defraud; and (3) the defendant's use of the mails in furtherance of the fraudulent scheme. *United States v. Henningsen*, 387 F.3d 585, 589 (7th Cir. 2004). Here, the Court concludes that there is sufficient evidence such that a rational juror could find that Mr. Thomas was involved in setting fire to the property located at 2691 Julia Drive in April 2013, as part of his scheme to defraud insurance companies by arson.

On April 17, 2013, two fires occurred at 2691 Julia Drive, one in the evening and another about 8-10 hours later, in the morning. Jennifer King (Mr. Thomas's wife at the time) testified that, shortly before that date, Mr. Thomas expressed to her a desire to move to Florida for his aviation career, talked about the mobile home's value with her, and told her that she should remove her important belongings from the home. In addition, Kyle Nissen (a former associate of Mr. Thomas's) testified that Mr. Thomas asked him to help remove a motorcycle from the home and put it in his garage the day before the fires. As for the first of the two fires, Mr. Thomas told fire officials and investigators that he fell asleep that evening with a pizza in the oven and a pizza box sitting on top of the range. However, Fred Sumpter, a fire cause and origin expert with Indiana Homeland Security, examined the fire scene at 2691 Julia in 2013 and determined that the fire did not start in the vicinity of the oven or range. According to him, the burn patterns indicated that a liquid accelerant had been used to start the fire elsewhere in the mobile home. Regarding the second fire, the government presented evidence that this was not an accidental rekindle. Mr. Sumpter also testified that, had it been an accidental rekindle, the damage would have been more extensive than that observed because the fire would have continued burning

from the night before through the morning. Thus, this fire did not start while Mr. Thomas was being treated in the hospital for smoke inhalation. Mr. Thomas submitted insurance claims on 2691 Julia Drive and collected proceeds thereafter, as corroborated by Victor Rodriguez, a claims specialist with State Farm. And Ms. King testified that, in filling out contents claims for that property, Mr. Thomas instructed her to document losses equal to or in excess of the maximum coverage amount, and to look up appliances and prices online to include in the claims report.

Furthermore, the evidence related to Mr. Thomas's involvement in the earlier 2010 and 2013 fires (which are alleged as part of the overall scheme) help establish that Mr. Thomas was involved in the April 2013 fire at 2691 Julia Drive. Mr. Nissen testified that Mr. Thomas involved him in Mr. Thomas's strategy to obtain insurance proceeds by burning trailers in the mobile home park long before the April 2013 fire. For example, Mr. Nissen testified that he joined Mr. Thomas in setting the four fires on November 14, 2010. As part of their plan, Mr. Nissen lit fires at 5081 S. 275 W. and 2729 Air Stream Court, and Mr. Thomas lit fires at 5326 S. A Street and 5370 S. Holiday Street. As to the fire at 5326 S. A Street specifically, Mr. Thomas told Mr. Nissen that he lit the fire in the back room. They used kerosene to start these fires. Afterward, Mr. Thomas told Mr. Nissen that they should not use kerosene again because it did not burn as well as hoped. In exchange for his participation, Mr. Nissen testified that Mr. Thomas transferred ownership of a property he owned so that Mr. Nissen could then purchase it for himself. As for Mr. Thomas, he used the proceeds from his insurance claims on the burned properties to purchase a lot and three mobile homes.

After the November 2010 fires, Mr. Nissen testified that he and Mr. Thomas went in on a fixer-upper project on a property located at 5101 S. 275 W. Mr. Thomas bought the property and

3

mobile home and Mr. Nissen provided investments for making improvements to the property. The property failed to sell after being listed twice, however, and Mr. Thomas indicated to Mr. Nissen that this property would have to be dealt with in the same manner as the homes that they burned in 2010. On January 9, 2013, a fire occurred at this mobile home. Mr. Nissen testified that Mr. Thomas showed up to work late that same day and explained to Mr. Nissen that he set fire to the property by soaking a mop in alcohol and placing it behind the refrigerator. Mr. Thomas collected proceeds from his insurance claims on this property as well, as corroborated by William Wallace, a field adjuster with Foremost Insurance.

Moreover, evidence surrounding the 2004 fire at 2691 Julia adds probative value to the notion that Mr. Thomas set fire to the same property in April 2013 in order to collect insurance proceeds. Mr. Nissen testified that Mr. Thomas told him about the 2004 fire. Specifically, Mr. Thomas expressed that he had a family member pour alcohol on an electrical outlet in order to burn down the trailer. Mr. Thomas also informed Mr. Nissen that he had the property triple insured, but was only able to collect on two of the policies. Mr. Wallace corroborated Mr. Thomas's insurance claims on this property.

While not raised in Mr. Thomas's motion, the government also presented evidence in several forms to demonstrate Mr. Thomas's intent to defraud. For example, Mr. Nissen testified that two of the four trailers he and Mr. Thomas burned on November 14, 2010, were unoccupied. They burned those trailers not to collect monies from insurance claims, but to deflect suspicion from their own fraud scheme and to make it look like the insured properties were randomly swept up in a spree of arson. This evidence supports the element of intent. *See United States v. Ryan*, 213 F.3d 347, 350 (7th Cir. 2000 (evidence of a defendant's efforts to conceal his participation in a fraud scheme is admissible because it represents circumstantial evidence of

intent to defraud and may cast doubt on the credibility of his defense or call it into question); *United States v. LeDonne*, 21 F.3d 1418, 1430 (7th Cir. 1990) ("Avoidance of detection is often a material part of a fraudulent scheme; for an illegal scheme would hardly be undertake were there to be no profit to the plotters."). Along those same lines, Ryan Miller, a senior special investigator at Foremost Insurance, testified that when he met with Mr. Thomas and Jennifer King in 2013 to investigate the fire at 5101 S. 275 W., he became concerned about Mr. Thomas's truthfulness because Mr. Thomas: claimed small personal items that were not found on site (such as a washer and dryer); failed to disclose financial information; provided inconsistent answers as to how much he paid for the trailer, the number of offers made on the property, and the appliances that were purchased with the property; and failed to disclose that he had previously submitted an insurance claim in connection with the 2004 fire. When asked why he did not divulge the 2004 fire, Mr. Thomas told Mr. Miller that he simply forgot, but he nonetheless also told Mr. Miller that it was a large fire that wiped out all of his and his children's belongings. *See Henningsen*, 387 F.3d at 590 (intent to defraud demonstrated where alderman candidate concealed personal use of funds by failing to disclose expenses, document donations, or document most of his personal loans to the campaign, and by making false notations on checks). In addition, the government presented evidence through both Dawn Filar and Mr. Nissen that Mr. Thomas struggled to sell the property at 5101 S. 275 W. and could not secure any offers on it before it burned. And, the government introduced evidence indicating that Mr. Thomas's joint bank account with his wife had low balances on several dates (and in one instance, a negative balance) immediately prior to some of the fires at the insured properties. *See id.* (defendant's financial hardship and need for money demonstrated intent to defraud). All of this evidence could permit a rationale juror to find that Mr. Thomas acted with an intent to defraud.

Finally, the government has presented sufficient evidence that Mr. Thomas caused the United States mails to be used in furtherance of his fraudulent scheme. Suzanne Rossman, who is assigned to this case as an inspector with the United States Postal Inspector Service, testified that Mr. Thomas received four checks from State Farm in response to the insurance claims he submitted following the April 2013 fire at 2691 Julia Drive, and in the amounts listed in the indictment ($25,250, $189,261.13, $71,958.87, and $37,028.13). Mr. Rodriguez confirmed that these checks were issued in response to Mr. Thomas's claims, and additionally testified that each of these four checks were sent via United States mail to Mr. Thomas, which was consistent with State Farm's procedures. *See United States v. Turner*, 551 F.3d 657, 666 (7th Cir. 2008) ("[I]t is enough that the use of mail or wire will follow in the ordinary course of business, or where such use can reasonably be foreseen, even though not actually intended.") (citation omitted). Mr. Rodriguez also testified that each of those four payments was accompanied by an internal State Farm code confirming that they were indeed mailed via the postal service, as opposed to being electronically transferred or hand delivered to the claimant. Therefore, the evidence submitted could lead a rational juror to believe that Mr. Thomas caused the use of the United States mails by submitting insurance claims as part of his fraudulent scheme. *See United States v. Swan*, 250 F.3d 495, 500 (7th Cir. 2001) (Defendant need not use the mails himself to be guilty of mail fraud; he only needs to cause the checks to be mailed or to commit some act that would cause the mailing of the checks to be reasonably foreseeable.)

A rational trier of fact could find the "essential elements" of mail fraud beyond a reasonable doubt from the record here. In particular, a rational juror could find that Mr. Thomas was involved in setting fire to the property located at 2691 Julia Drive in April 2013, as part of

his scheme to defraud insurance companies by arson. Because of this, the Court DENIES Mr. Thomas's Rule 29 motion for judgment of acquittal.

SO ORDERED.

ENTERED: September 27, 2018

/s/ JON E. DEGUILIO
Judge
United States District Court