UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

UNITED STATES OF AMERICA

v.  Case No. 3:18-CR-45 JD

MICHAEL THOMAS

**OPINION AND ORDER**

On September 28, 2018, a jury found Michael Thomas guilty on four counts of mail fraud. (DE 66.) Thomas then filed a motion to vacate his sentence under 28 U.S.C. § 2255. (DE 143.) The Court denied this motion, explaining in a 50-page order why Thomas failed to establish that his counsel at trial, Brian Woodward, provided ineffective assistance of counsel, and also why Thomas failed to show his actual innocence. (DE 166.) Now before the Court is Thomas's amended motion to alter or amend a judgment under Rule 59(e) (DE 171), as well as a number of related motions requesting disposition of his motion and release pending disposition of his motion (DE 170; DE 179; DE 180; DE 183; and DE 184). Thomas has also filed a motion asking for a certificate of appealability. (DE 173.)

Thomas's motion was filed within Rule 59(e)'s 28-day time limit. Rule 59(e) motions are only appropriate in limited circumstances: "to correct manifest errors of law or fact, to present newly discovered evidence, or where there has been an intervening and substantial change in the controlling law since the submission of the issues to the district court." *Scott v. Bender*, 948 F. Supp. 2d 859, 865 (N.D. Ill. 2013) (citing *Divane v. Krull Elec. Co.*, 194 F.3d 845, 848 (7th Cir. 1999)). "[A] Rule 59(e) motion is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment." *Cnty. of McHenry v. Ins. Co. of the W.*, 438 F.3d 813, 819 (7th Cir. 2006).

The Court finds that Thomas has not established sufficient cause to alter or amend the judgment in this matter. Thomas's motion mainly rehashes prior arguments which the Court addressed in its order denying his motion under § 2255. Other arguments Thomas raises clearly lack merit.

For example, Thomas argues that the Court failed to consider two claims which he raised in a prior supplemental briefing. (DE 149.) First, he argues that the Court never considered his argument that his trial counsel, Mr. Woodward, was ineffective for not advising Thomas on the deadline to file a motion for a new trial. (DE 171 at 2; DE 149 at 2–3.) However, the Court already considered this argument in its order addressing Thomas's motion for a new trial, writing that "[e]ven if Thomas could overcome Rule 33's due diligence hurdle, the Court would nevertheless deny a second trial because he has not shown that the new expert opinions would probably lead to an acquittal in the event of a retrial . . . [and that] the evidence against him was substantial and strong, even without Sumpter." (DE 121 at 26.) The Court's order denying Thomas's § 2255 again reiterated this point, writing that the "Government presented a substantial amount of evidence from multiple witnesses, outside of Sumpter's testimony, that supported a conclusion that Thomas intentionally set the April 2013 fire." (DE 166 at 23–28.") Simply put, the Court has been exceedingly clear that Thomas has not shown the prejudice required for his ineffective assistance of counsel claim: even had Mr. Sumpter's testimony been omitted entirely, and even if the expert opinions that Thomas discovered after trial had been admitted, there is not a reasonable probability that the result of the trial would have been any different.

Thomas also argues that the Court did not do an adequate job addressing his claim of prosecutorial misconduct. While the Court did not specifically address this claim of prosecutorial misconduct in its prior order, the argument lacks any merit. A defendant seeking a new trial because of the use of perjured testimony must show: "(1) the prosecution's case included

2

perjured testimony; (2) the prosecution knew, or should have known, of the perjury; and (3) there is a likelihood that the false testimony affected the judgment of the jury." *United States v. Coleman*, 914 F.3d 508, 512 (7th Cir. 2019). Thomas failed to show the first two elements.

Thomas first claims that Ms. Rossman committed perjury by testifying that there was no information that the April 17, 2013, fire was a rekindle, by pointing to the Shand Report and the State Farm investigation. However, as the Court explained in its prior order, the Shand report concluded that the cause of the fire was "undetermined," and the State Farm investigation did not find any neighbors who indicated it was a rekindle. (DE 166 at 24 n. 5, 32; DE 143-11 at 7; DE 143-12 at 19.) Thomas's argument concerning Rossman fails because it is predicated on a misrepresentation of the record.

Thomas's other arguments concerning prosecutorial misconduct largely mirror his argument that Woodward provided deficient performance by failing to impeach various witnesses, which the Court's previous order addressed in depth. (DE 166 at 35–40.) Thomas argues that Fred Sumpter committed perjury because he testified that "he only took a floor sample from the 5081 fire in 2010 and failed to submit it[,]" when pictures show he took samples from each fire he examined. (DE 149 at 5.) As the Court noted in its prior order, Thomas has provided the Court with "pictures [that] appear to show close up photos of canisters, labeled 'charred fire debris,' for each of the fires Sumpter investigated." (DE 166 at 35 (citing 143-8 at 34.)) However, rather than testifying that he *only* took samples from one fire, Sumpter actually testified on direct examination that he had taken "a sample from the structure" in response to a question specifically pertaining to the fire at 5081 South 275 W., and then admitted that he "failed to submit it . . . and [did] know where it is at this time." (Sumpter Testimony, DE 96 at 170:6–11.) On cross-examination, Woodward engaged in the following line of questioning:

3

**Woodward**: There was nothing to stop you from taking any samples from any of the properties that you've talked about here today to send them away for testing; isn't that right?

**Sumpter**: Actually, as admitted in my testimony, sir, yes, sir, I did take samples.

**Woodward**: But just for one of them, though; true?

**Sumpter**: Yes, sir.

(Sumpter Testimony, DE 96 at 207.) While one interpretation of this line of questioning is that Sumpter is admitting to taking only one sample from any of the properties, another equally reasonable interpretation is that Sumpter is testifying that he only *admitted in his testimony* to taking samples for one property, which *is* true. It is unclear whether Woodward was asking Sumpter whether he admitted in his testimony to taking samples "just for one of them" or whether Sumpter actually took samples "just for one of them." Given this lack of clarity, Thomas has failed to show that the testimony provided by Sumpter was false testimony. Furthermore, given the ambiguity, he has also failed to show that the prosecution knew or should have known it was false.

Thomas also argues that Assistant Fire Chief Michael Scrutchfield, Kyle Nissen, and Jennifer King provided false testimony. However, Thomas largely points to what he believes are "inconsistent statements" and "inconsistent testimony." (DE 149 at 4–8.) While there may be some inconsistencies, which the Court analyzed at some length in its previous order when discussing Woodward's impeachment of these witnesses, (DE at 35–40), the Seventh Circuit has been clear that "mere inconsistencies in testimony by government witnesses do not establish the government's knowing use of false testimony." *United States. v. Saadeh*, 61 F.3d 510, 523 (7th Cir. 1995) (citing *United States. v. Verser*, 916 F.2d 1268, 1271 (7th Cir. 1990)). Without being able to demonstrate that any of these witnesses provided false testimony, let alone that the

4

government knew that this testimony was false, Thomas's claim for prosecutorial misconduct fails.

Thomas's 405-page Amended Motion to Alter or Amend a Judgment under Rule 59(e) has not identified a manifest error in law or fact, discovery of new evidence, or a change in law that would warrant an amendment to the Court's judgment that Thomas's 28 U.S.C. § 2255 motion should be denied. The Court stands by its judgment and its prior opinion, which provided a detailed analysis explaining why Thomas's § 2255 failed.

Accordingly, the Court DENIES Thomas's Amended Motion to Alter or Amend a Judgment. (DE 171.) The Court DENIES as MOOT Thomas's Motion to Alter or Amend a Judgment. (DE 170). Various other motions by Thomas seeking disposition of his motion to alter or amend judgment of his 2255 and release pending that disposition are also DENIED as MOOT. (DE 179; DE 180; DE 183; DE 184.) Furthermore, the Court DENIES Thomas's Motion for a Certificate of Appealability (DE 173), as the Court declined to issue this certificate in its prior order and it stands by this decision (DE 166).

SO ORDERED.

ENTERED: June 29, 2022

                                                /s/ JON E. DEGUILIO
                                                Chief Judge
                                                United States District Court