UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 3:18-CR-45 JD |
| MICHAEL THOMAS | |

**OPINION AND ORDER**

Defendant Michael Thomas set fire to many properties in a mobile home park and then used the mail to collect insurance money. He was charged with four counts of mail fraud and went to trial. The jury convicted him on all counts, and the Court sentenced him to a below-guidelines sentence of ninety months of imprisonment. His sentence is set to expire on February 11, 2025. *See* https://www.bop.gov/inmateloc/ (last visited June 4, 2024). Mr. Thomas is currently under home confinement under the CARES Act.

Proceeding pro se, Mr. Thomas has moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (DE 194.) For the reasons below, the Court will deny the motion.

A.  **Background**

On September 24, 2019, Mr. Thomas was sentenced for his offenses to ninety months of imprisonment. On January 17, 2023, he was released by the Bureau of Prisons ("BOP") to home confinement under the CARES Act to finish the rest of his sentence, which is expected to end next February.[1] Mr. Thomas claims that the BOP is prohibiting him from securing employment as a pilot, a job which he held before being convicted of the fraud offenses. He states that he

---

[1] Even though Mr. Thomas is serving the rest of his sentence at home, subject to federal location monitoring, he remains in the custody of the BOP.

needs this job to maximize his income in order to repay restitution, support his family, and repay student debts. Mr. Thomas insists that his inability to work because of home confinement constitutes atypical circumstances warranting compassionate release.

### B. Legal Standard

A court generally cannot modify a sentence once the sentence has been imposed. 18 U.S.C. § 3582(c). However, an exception to that general rule allows a court to modify a sentence, after considering the factors under § 3553(a), if "extraordinary and compelling reasons warrant such a reduction," the reduction is consistent with policy statements issued by the Sentencing Commission, and the defendant has submitted such a request to the warden at least 30 days before filing a motion or has fully exhausted all administrative rights within the BOP. 18 U.S.C. § 3582(c)(1)(A).

This analysis proceeds in two steps. *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021). At the first step the defendant must identify an extraordinary and compelling reason warranting a sentence reduction. *Id.* If the defendant establishes such a reason, the district court, in the discretion conferred by the statute, considers any applicable § 3553(a) factors as part of determining what, if any, reduction to award the defendant. *Id.*

The policy statements to the Sentencing Guidelines offer some examples of when extraordinary and compelling reasons may be present: (1) medical circumstances of the defendant, such as terminal illness, advanced dementia, or other debilitating conditions, or an outbreak of an infectious disease at the prison where the defendant is housed and the defendant is at an increased risk of suffering severe medical complications or death as a result; (2) advanced age of the defendant when he has served a significant period of his sentence; (3) family

circumstances of the defendant, such as the death or incapacitation of the caregiver of the defendant's minor children, incapacitation of the defendant's spouse or parent, where the defendant would be the only available caregiver; (4) or the defendant was a victim of sexual or physical abuse while in custody. U.S.S.G. § 1B1.13(b)(1)-(4).

The examples also include "other reasons," that is, where "[t]he defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons" just listed, are similar in gravity to those circumstances. § 1B1.13(b)(5).

Finally, an unusually long sentence may be considered an extraordinary and compelling reason for an early release:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

§ 1B1.13(b)(6).

The defendant's rehabilitation is not, by itself, an extraordinary and compelling reason:

> Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted.

§ 1B1.13(d).

**C. Discussion**

Having reviewed Mr. Thomas's motion, the Court finds that he has not established an extraordinary and compelling reason for modifying his sentence.

Mr. Thomas claims that his inability to work as a pilot while on home detention constitutes an extraordinary and compelling reason for his early release. He submits that, since he is permitted to obtain limited employment and limited access to stores, he should be allowed to maximize his income by working within the field of his professional experience. These reasons fall outside the realm of those identified in § 1B1.13. Moreover, Mr. Thomas's circumstances do not present one similar in gravity. On the contrary, the hardship experienced by Mr. Thomas is an ordinary hardship experienced by countless prisoners who lose their source of sustenance by the reality of incarceration and the need for supervision. That Mr. Thomas has a limited ability to do other jobs rather than his preferred one due to his home detention status does not convert his situation into an extraordinary one and there's no compelling reason to modify his sentence. As Mr. Thomas himself recognizes, his situation is atypical, not extraordinary. Just as important is the fact that Mr. Thomas has submitted no evidence that he would in fact be able to work as a pilot if released from the custody of the BOP. He has presented no offers of employment or anything else to even suggest that a pilot position has been reserved for him, but for his home detention. For all these reasons, Mr. Thomas has failed to show that an early release is warranted in his case.

But even if Mr. Thomas had established extraordinary and compelling reasons for compassionate release, the Court would nevertheless deny the motion in light of the § 3553(a) factors which it must consider as part of its determination. For four years, Mr. Thomas was engaged in mail fraud schemes against insurance companies. As part of those schemes, he and an associate caused seven fires at various dwellings in North Judson, Indiana. After the fires, he

filed for and collected insurance payments on four properties that were damaged or destroyed by these fires. He also coordinated the filing of personal contents claims by instructing his then-wife to "max out" the policy limits with false information. In total, Mr. Thomas and his then-wife collected $541,749.58 from this scheme.

Of the seven fires, two of them were at vacant properties, set to deflect suspicion from Mr. Thomas's insurance fraud. Although given many opportunities to cease his illegal conduct, Mr. Thomas continued to exact more from the victim insurance companies. These crimes were not a one-time lapse in judgment, and they involved extremely dangerous conduct. By setting fires to residences, Mr. Thomas displayed no regard for the welfare and safety of those who lived nearby. While the dwellings he burned may have been unoccupied, his actions put first responders directly in harm's way and there was no guarantee that the fires would not spread to nearby, occupied homes. The Court is aware of the hardships that Mr. Thomas must suffer as a result of being in the BOP's custody and appreciates his desire to resume ordinary life activities like work and being fully present for his family. Even so, the Court finds that the nature of Mr. Thomas's criminal conduct, the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, as well as the importance of deterring insurance fraud— among other § 3553(a) factors—outweigh any mitigating circumstances in favor of early release.

### D. Conclusion

For these reasons, the Court DENIES Mr. Thomas's motion for compassionate release or reduction in sentence. (DE 194.)

SO ORDERED.

ENTERED: June 6, 2024

                                                                      /s/ JON E. DEGUILIO  
                                                                      Judge  
                                                                      United States District Court